JAMES TRITT, plaintiff in error, *vs.* DANIEL R. BIZE, defendant in error.

The superior court has jurisdiction of an action brought for the breach of an indenture of apprenticeship executed under the provisions of the act of 1865-6.

Apprentice.   Jurisdiction.   Master and servant.   Before Judge JAMES JOHNSON.   Muscogee Superior Court.   November Term, 1873.

For the facts of this case, see the decision.

HENRY L. BENNING ; CHARLES R. RUSSELL, by JAMES M. RUSSELL, for plaintiff in error.

PEABODY & BRANNON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on an indenture of apprenticeship executed by the parties thereto, on the 8th day of December, 1868, under the provisions of the acts of 1865–6, alleging a breach thereof on the part of the defendant.   At the trial the defendant demurred to the plaintiff's declaration, which demurrer was sustained by the court, and the plaintiff's action dismissed : whereupon the plaintiff excepted.   It was insisted on the argument here, that the superior court had no jurisdiction over the subject matter of the suit, but that the ordinary of the county had the exclusive jurisdiction over it, under the provisions of the acts before mentioned, as embraced in the Code : see Code, sections 1871 to 1884, inclusive.   This action is a civil case, and the superior courts, under the constitution, have jurisdiction in all civil cases except as otherwise provided therein.   This case is not within any exception made by the constitution.   There can be no doubt, we think, that prior to the acts of 1865–6, the superior courts in this state had jurisdiction of the subject matter of this suit.   Is that

jurisdiction taken away by these acts, or either of them? There are no *negative* words in either of those acts which would deprive the superior courts of jurisdiction. It is true the ordinary may, in all controversies between the master and his apprentice, during the existence of that relation, exercise jurisdiction upon the complaint of either party upon notice, and cause justice to be done in a summary manner, but that merely affords a cumulative remedy, which did not exist under the old law, and the same may be said of other provisions in the acts of 1865–6. The old law which gave the superior courts jurisdiction, and the acts of 1865–6, may stand together and have concurrent efficacy; the latter does not repeal the former so as to deprive the superior courts of jurisdiction. There are no words in either of those acts which declare that the remedy of the apprentice for a breach of the indenture of apprenticeship on the part of the master, shall be conferred on the ordinary alone, *and not elsewhere:* therefore the ordinary may exercise jurisdiction as provided in those acts without interfering with the general jurisdiction of the superior court on the same subject matter, in a suit brought on the indenture of apprenticeship, alleging a breach thereof. In our judgment, the court below erred in sustaining the demurrer to the plaintiff's declaration and dismissing the same.

Let the judgment of the court below be reversed.